# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARY CHARLES RIGDON,
     Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.

Civil Action No. 1:08-cv-716

Dlott, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

       Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. This case is before the Court on the petition (Doc. 3), petitioner's motions to

stay and hold in abeyance these proceedings (Docs. 4, 16, 17), respondent's memorandum in

opposition thereto (Doc. 18), and petitioner's reply memorandum (Doc. 19); and respondent's

motion to dismiss (Doc. 13) and petitioner's responsive memorandum in opposition. (Doc. 20).

## I. PROCEDURAL HISTORY

       This case involves the following facts, as summarized by the Twelfth District Ohio Court of

Appeals:[1]

> {¶2} On January 3, 2006, appellant was indicted on two counts of felonious assault
> pursuant to R.C. 2903.11(A)(1) and (2), with firearm specifications pursuant to R.C.
> 2941.145(A). The charges were filed following an altercation on November 28,
> 2005, involving appellant, his wife, Shari Rigdon (Mrs. Rigdon), Mrs. Rigdon's ex-
> husband, Greg Little (Little), and an acquaintance, Greg Kelly (Kelly).
>
> {¶ 3} On the evening in question, appellant and Mrs. Rigdon got into an argument
> while dining at a restaurant. After the argument became heated, appellant left the
> restaurant while Mrs. Rigdon stayed behind, indicating she would find her own way
> home. Little and Kelly were also at the restaurant that evening and witnessed the
> argument between appellant and Mrs. Rigdon. After appellant left, and noticing
> Mrs. Rigdon appeared upset, the two men joined Mrs. Rigdon for drinks and offered
> to drive her home.

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94
(6th Cir. 2004).

{¶ 4} At some point that evening while Mrs. Rigdon was briefly away from the table, Kelly answered a call from appellant on Mrs. Rigdon's cellular telephone. He and appellant began to argue heatedly, during which Kelly allegedly made threatening remarks to appellant. Following this conversation, appellant contacted his son, Adam, and asked for a shotgun. Appellant also contacted his son, William, along with his nephew, Daniel, requesting they come to the residence.

{¶ 5} Later that evening after leaving the restaurant, Kelly, Little and Mrs. Rigdon drove to Kelly's house for another drink before continuing on to Mrs. Rigdon's house. When they arrived at her house, Mrs. Rigdon unsuccessfully attempted to enter the residence through the garage door, which appellant had disabled. She and Kelly then walked to the front entrance of the house where Mrs. Rigdon began to knock on the front door. Because the Rigdons had a civil protection order in place against Little at the time, Little remained in the car while Mrs. Rigdon and Kelly approached the residence.

{¶ 6} Appellant's son, William, responded to the knock on the door but refused to allow Mrs. Rigdon inside. He then went to get appellant, who picked up the loaded shotgun he had obtained earlier that evening, and opened the door. Upon opening the door, an argument ensued between appellant and Mrs. Rigdon. At some point during the argument, appellant "racked" the shotgun in an effort to scare Kelly.[FN1] Appellant then struck Kelly in the face with the shotgun, and Kelly stumbled backward on the porch as a result. Appellant's nephew, Daniel, proceeded towards Kelly and began fighting him. Little, who was still in the car parked in front of the Rigdons' residence at the time, observed Kelly engaged in the fight and decided to assist him.

> [Footnote 1: As used by appellant, "racked" means to pump a round into the shotgun's chamber.]

{¶ 7} As he approached Kelly, Little first encountered Daniel, who pushed him to the ground. Appellant, armed with the shotgun, then began to move towards Little as Little was attempting to get off the ground. At some point as appellant approached Little, the shotgun discharged and struck Little in the back of his shoulder. Appellant re-racked the gun after the shot was fired. He then proceeded towards Kelly and joined in the fight with him. After the fight had ended, Mrs. Rigdon gathered Little and Kelly and began to drive them to the hospital. Police stopped the vehicle shortly thereafter, and emergency technicians transported Little, Kelly and Mrs. Rigdon to the hospital.

{¶ 8} A jury trial was held on May 8 and 9, 2006, during which appellant testified the shooting was accidental, and that the shotgun discharged as a result of hitting the ground when he slipped on a patch of mud in his front yard. After hearing this testimony, as well as that of several other witnesses and investigating officers, the

jury returned a guilty verdict as to both counts of felonious assault. At sentencing, the trial court merged the second felonious assault count and gun specification with the first as allied offenses of similar import.[FN2] The court then sentenced appellant to three years in prison on one felonious assault count and three years in prison on one firearm specification.

> [Footnote 2: In doing so, the trial court explained appellant "did not commit two separate offenses," but rather, one offense that could have been committed in "two separate ways."]

(Doc. 13, Exh. 14 at 1-3).

### State Post-Trial Proceedings

With the assistance of new counsel, petitioner filed a timely appeal challenging his conviction and sentence. (Doc. 13, Exhs. 8, 9). The Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 13, Exh. 14). Petitioner's subsequent motions for reconsideration were denied. (Doc. 13, Exhs. 15-18). Petitioner's appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question. (Doc. 13, Exhs. 19-22).

On December 28, 2006, petitioner through the same counsel moved for a new trial and extended time to file, as supplemented, asserting the prosecution withheld evidence of an eyewitness, State Trooper Wickman. After holding a hearing at which Trooper Wickman testified, the trial court denied the motion for new trial. (Doc. 13, Exhs. 23-28). Petitioner's appeal to the Twelfth District Court of Appeals was denied, as was his motion for reconsideration. (Doc. 13, Exhs. 29-34). On June 18, 2008, the Supreme Court of Ohio dismissed petitioner's subsequent appeal. (Doc 13, Exhs. 35-38).

On May 5, 2008, petitioner filed a *pro se* application to reopen his direct appeal under Ohio App. R. 26(B) alleging the ineffective assistance of appellate counsel. (Doc. 13, Exh. 39). The Ohio Court of Appeals denied the application for reopening, as well as petitioner's subsequent

motion for reconsideration, finding no genuine issue as to whether petitioner was deprived of the effective assistance of counsel on appeal. (Doc. 13, Exhs. 42-44). Petitioner filed a timely *pro se* notice of appeal to the Supreme Court of Ohio. (Doc. 13, Exhs. 45, 46). On October 15, 2008, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 13, Exh. 48).

Meanwhile, petitioner filed a *pro se* post-conviction petition in the trial court on September 10, 2008, alleging several claims for relief, including a claim of ineffective assistance of trial counsel based on counsel's failure to call an expert witness on the issue of accidental discharge of the gun. (Doc. 13, Exh. 49). The State moved to dismiss the petition as untimely and as barred by *res judicata*. (Doc. 13, Exh. 50). On October 6, 2008, the trial court denied the petition. (Doc. 13, Exh. 51).

Petitioner filed a timely *pro se* appeal to the Ohio Court of Appeals. (Doc. 13, Exh. 52). Petitioner was appointed counsel who filed a brief on his behalf. (Doc. 13, Exhs. 53, 57 at 7). The State filed a response, to which petitioner replied. (Doc. 13, Exhs. 54, 55). The appeal is still pending in the state appellate court.

### Federal Habeas Corpus

On November 10, 2008, petitioner filed a petition for a writ of habeas corpus in this federal court raising eight grounds for relief. The issue currently before the Court involves petitioner's failure to exhaust Ground Eight of the petition which alleges the ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. (Doc. 3 at 22-23). Respondent seeks dismissal of the petition to require petitioner to exhaust his state court remedies with respect to Ground Eight of the petition. Petitioner seeks an order staying

any ruling on his habeas corpus petition to allow him to exhaust his state court remedies. For the reasons that follow, the undersigned recommends that this matter be stayed and the motion to dismiss be denied.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Supreme Court of Ohio. *See Murphy v. Ohio,* 551 F.3d 485, 501 (6th Cir. 2009); *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an

application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Pliler v. Ford*, 542 U.S. 225, 227 (2004); *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982). Generally, a district court "may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber,* 544 U.S. 269, 273-74 (2005).

In *Rhines,* 544 U.S. 269, the Supreme Court held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them. The Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s 'simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court.'" *Id.* at 276-77 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

The Supreme Court in *Rhines* held that stay and abeyance "is only appropriate when the

district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, petitioner concedes that Ground Eight of the petition has not been exhausted. However, petitioner has shown good cause for his failure to exhaust this claim of the petition. Ground Eight of the petition asserts a claim of ineffective assistance of trial counsel based on counsel's alleged failure to investigate and procure expert testimony that the shotgun used in this incident was fired accidentally. Attached to petitioner's post-conviction petition is a report from Heritage Gunsmiths, Inc. dated December 17, 2007, which support's petitioner's defense at trial that the gun was accidentally fired. The trial court denied the petition on this claim on the basis of *res judicata.* (Doc. 13, Exh. 51). Yet, the report was not available at the time of petitioner's previous appeals or within the 180 day time limit for filing a post-conviction petition. This issue has been fully briefed by counsel and argued, and is awaiting a decision by the Ohio Court of Appeals. The new evidence regarding petitioner's claim of ineffective assistance of counsel is not "plainly meritless" and should be considered by the state courts in the first instance. The one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Furthermore, there is no evidence that petitioner engaged in abusive litigation tactics or intentionally delayed bringing this issue to the attention of the state courts. *Rhines,* 544 U.S. at 277. Accordingly, the

Court concludes that in the interest of justice, the Court should exercise its discretion to stay this case pending petitioner's exhaustion of Ground Eight of the petition in the state courts.

Accordingly, the undersigned RECOMMENDS that respondent's motion to dismiss (Doc. 13) be DENIED, and that the instant proceedings be STAYED during the time petitioner fully exhausts the state remedy discussed above that is currently pending before the Ohio courts. To ensure that judicial and administrative resources are conserved, it is FURTHER RECOMMENDED that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be DENIED.

2. Petitioner's motions to stay and hold in abeyance these proceedings (Docs. 4, 16, 17) be GRANTED.

3. The petition (Doc. 3) be administratively STAYED and TERMINATED on this Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within 30 days after fully exhausting his currently pending post-conviction remedies. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and has complied with the condition of the stay.

4. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition to allow petitioner to exhaust his state remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that, therefore, the case should be stayed pending exhaustion of such remedies.[2]

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the

---

[2] Because the undersigned finds the first prong of the *Slack* standard has not been met in this case, the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition need not be addressed . *See Slack,* 529 U.S. at 484.

Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:   8/11/2009                          s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge


K:\KLL\habeas\2009 r&rs\08-716 exh dism, stay.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARY CHARLES RIGDON,                                    Civil Action No. 1:08-cv-716
      Petitioner,

                                              Dlott, J.
      vs.                                              Black, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **TEN DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within **TEN DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).