IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GARY CHARLES RIGDON, : <br> : <br> Petitioner(s), : <br> : <br> vs. : <br> : <br> WARDEN, CHILLICOTHE CORRECTIONAL <br> INSTITUTION, : <br> : <br> Respondent(s). : | Case Number: 1:08cv716 <br><br> Chief Judge Susan J. Dlott |

ORDER

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Timothy S. Black filed on August 13, 2009 (Doc. 21), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired September 1, 2009, hereby ADOPTS said Report and Recommendation.

Accordingly, respondent's motion to dismiss (Doc. 4) is **DENIED.** Petitioner's motions to stay and hold in abeyance these proceedings (Docs. 4, 16 and 17) is **GRANTED.** The petition (Doc. 3) is administratively **STAYED and TERMINATED** on this Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay will be conditioned on petitioner's filing a motion to reinstate the case on the Court's active docket within 30 days after fully exhausting his currently pending post-conviction remedies. Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and has complied with the condition of the stay.

A certificate of appealability will not issue under the standard set forth in *Slack v.*

*McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition to allow petitioner to exhaust his state remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). See *generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether the Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that, therefore, the case will be stayed pending of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order adopting the Report and Recommendation will not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.* See Fed.R.App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.


            ___s/Susan J. Dlott_____
            Chief Judge Susan J. Dlott
            United States District Court